IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL ROLLE,
     Petitioner,

vs.                             Case No.:  4:17cv316/WS/EMT

STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed an answer and relevant portions of the state court record (ECF No. 22).  Petitioner filed a reply (ECF No. 24).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal habeas relief.

I.       BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 22).[1]  Petitioner identifies two state court judgments as the subject of this federal habeas petition, both of which were entered in the Circuit Court in and for Leon County, Florida, Case No. 2002-CF-47 and Case No. 2002-CF-4016 (ECF No. 1 at 1).

**Leon County Case No. 2002-CF-47**

Petitioner was charged with one count of possession of cocaine with intent to sell (Count I), one count of giving a false name or identification to a law enforcement officer (Count II), one count of unlawful display of a driver's licence not issued to him (Count III), and one count of driving under the influence (Count IV) (Ex. A).  On August 19, 2002, Petitioner entered a written plea agreement, pursuant to which he and the State agreed to the following:  (1) Petitioner would enter a no contest plea to the crimes as charged; (2) Petitioner would be adjudicated guilty of all charges; and (3) Petitioner's total sentence would be two (2) years of probation, sixty (60) days in the Sheriff's Work Program, DUI school, fifty (50) hours of community service, driver's licence suspension for six (6) months, and vehicle impoundment for ten (10)

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted by Respondent (ECF No. 22).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

days (Ex. B).  The trial court accepted the plea and sentenced Petitioner in accordance with its terms (Exs. C, D).  Petitioner did not appeal the judgment.

On October 30, 2002, an affidavit of violation of probation was filed (Ex. E). Following evidentiary proceedings on May 8, 2003 (*see* Ex. HH1 at 219–66), the court revoked Petitioner's probation and sentenced him to ten years in prison on Count I and 198 days on Count IV, with credit for 198 days (Ex. F).[2]

On June 15, 2006, Petitioner filed a § 2254 petition in this federal court challenging the original and revocation judgments in Case No. 2002-CF-47 (Ex. G1). *See* Rolle v. McNeil, No 4:06cv293/SPM/WCS, Petition, ECF No. 1 (N.D. Fla. June 19, 2006).   The district court, adopting the report and recommendation of the magistrate judge, denied the petition on the merits (Exs. G13, G15).  *See id.*, Report and Recommendation, ECF No. 62 (N.D. Fla. Oct. 8, 2008), Order Adopting Report and Recommendation, ECF No. 67 (N.D. Fla. Apr. 23, 2009).  Petitioner filed a notice of appeal (Ex. H), but the Eleventh Circuit Court of Appeals denied a certificate of appealability (*id.*).  *See id.*, Mandate of USCA, ECF No. 84 (N.D. Fla. July 17, 2009).

---

[2] The remaining procedural history of Case No. 2002-CF-47 is irrelevant to disposition of this § 2254 case.

On August 23, 2010, Petitioner filed two separate applications for leave to file a second or successive § 2254 petition in the Eleventh Circuit, attacking the judgment in Case No. 2002-CF-47 (Exs. I, J).  The Eleventh Circuit denied both applications on September 20, 2010 (*id.*).

On October 2, 2010, Petitioner filed two more applications for leave to file a second or successive § 2254 petition in the Eleventh Circuit, attacking the judgment in Case No. 2002-CF-47 (Exs. K, L).  The court denied the applications on October 22, 2010 (Ex. K) and October 26, 2010 (Ex. L).

On December 1, 2012, Petitioner filed yet another application for leave to file a second or successive § 2254 petition attacking the judgment in Case No. 2002-CF-47 (Ex. M).  The Eleventh Circuit denied Petitioner's application on December 26, 2012 (*id.*).

On January 2, 2013, Petitioner filed another application for leave to file a second or successive § 2254 petition attacking the judgment in Case No. 2002-CF-47 (Ex. N).  The Eleventh Circuit denied Petitioner's application on January 24, 2013 (*id.*).

On February 25, 2013, Petitioner filed yet another application for leave to file a second or successive § 2254 petition attacking the judgment in Case No.

2002-CF-47 (Ex. O).  The Eleventh Circuit denied Petitioner's application on March 28, 2013 (*id.*).

Petitioner filed his most recent application for leave to file a second or successive § 2254 petition attacking the judgment in Case No. 2002-CF-47 on April 20, 2015 (Ex. P).  The Eleventh Circuit denied Petitioner's application on May 13, 2015 (*id.*).

### Leon County Case No. 2002-CF-4016

Petitioner was charged with one count of attempted second degree murder (Count I), one count of aggravated assault with a deadly weapon (Count II), one count of possession of a firearm by a convicted felon Count III, and one count of possession of cocaine (Count IV) (Ex. Q1 at 2–3).[3]  The court severed Counts III and IV for trial (Ex. Q4 at 13, 30).  A jury trial was held on Counts I and II on December 17, 2003, at the conclusion of which the jury found Petitioner not guilty (Ex. Q1 at 40–42, Ex. Q3).

The State declined to prosecute Count IV.  On February 12, 2004, immediately prior to the commencement of trial on Count III, Petitioner entered a open plea of guilty to the charge (Exs. Q1 at 57–58, Q4).  The court accepted the plea, adjudicated

---

[3] The offenses charged in Case No. 2002-CF-4016 served as the basis for the violation of probation in Case No. 2002-CF-47 (*see* Ex. D).

Petitioner guilty, and sentenced him to five (5) years in prison, with a three-year minimum mandatory, to run consecutively to any other DOC sentence Petitioner was currently serving, to be followed by two (2) years of community control and then five years of probation (Ex. Q1 at 61–75, Ex. Q4 at 53–54).

On April 22, 2004, Petitioner filed a petition for writ of habeas corpus in the Florida First District Court of Appeal ("First DCA"), Case No. 1D04-1863, seeking a belated appeal (Ex. R1). The First DCA granted the petition (Ex. Q1 at 77–78, Ex. R4). Rolle v. State, 878 So. 2d 1291 (Fla. 1st DCA 2004) (Mem). Petitioner's appointed counsel filed an initial brief in the belated appeal, Case No. 1D04-3882, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. Q8). The First DCA provided Petitioner an opportunity to file a pro se initial brief (Q9). Petitioner filed a notice of voluntary dismissal (Ex. Q10). The First DCA dismissed the appeal on April 12, 2005 (Ex. Q11).

On April 17, 2005, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. S1 at 1–40). Following an evidentiary hearing on August 1, 2005 (Ex. S3), the circuit court denied the Rule 3.850 motion in an order rendered September 6, 2005 (Exs. S1 at 101–07). Petitioner

appealed the decision to the First DCA, Case No. 1D05-4691 (Ex. S4).  The First DCA affirmed the decision per curiam without written opinion on September 7, 2006, with the mandate issuing October 4, 2006 (Ex. S7).  Rolle v. State, 937 So. 2d 1103 (Fla. 1st DCA 2006) (Table).

Petitioner filed an unsuccessful habeas action in this court, Case No. 4:06cv452/SPM/WCS, as well as an unsuccessful appeal in the Eleventh Circuit and two unsuccessful petitions for writ of certiorari in the United States Supreme Court (Exs. T1–T9, U1–U4, V1–V2, W1–W2).  Petitioner then filed three unsuccessful petitions to file a second or successive § 2254 petition in the Eleventh Circuit Court of Appeals, Case Nos. 10-14009-C, 10-14640-F, 12-16587A (Exs. X, Y, Z).

Also during this time, Petitioner filed several motions for relief in the state circuit court, including a motion for a "Franks" hearing, a motion to set aside judgment under Fla. R. Civ. P. 1.540(b) (construed as a second Rule 3.850 motion), an amended Rule 1.540(b), and a motion to correct illegal sentence under Fla. R. Crim. P. 3.800(a) (Ex. HH1 at 621–23, 625–29, 654–61, 686–89).  The circuit court denied the "Franks" motion as frivolous, denied the first Rule 1.540(b) motion as procedurally barred, denied the second Rule 1.540(b) motion as a successive Rule 3.850 motion, and denied the Rule 3.800(a) motion as successive (id. at 624, 632–51,

662–85, 690).  Additionally, the court sanctioned Petitioner as an abusive litigant, and barred him from filing future pro se pleadings in Case No. 2002-CF-4016 unless the pleadings were signed by an attorney (*id.* at 691).

On June 7, 2012, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme court, Case No. SC12-1213.  On July 30, 2012, the court dismissed the petition as unauthorized, pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004).[4] Rolle v. Tucker, 97 So. 3d 824 (Fla. 2012) (Table).

On August 6, 2012, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D12-3821 (Ex. AA1).  On August 27, 2012, the First DCA dismissed the petition pursuant to Baker (Ex. AA2).  Rolle v. State, 99 So. 3d 557 (Fla. 1st DCA 2012) (Mem).

On October 24, 2012, Petitioner file a petition for writ of prohibition in the First DCA, Case No. 1D12-5310 (Ex. BB1).  On November 27, 2012, the First DCA dismissed the petition pursuant to Baker (Ex. BB2).  Rolle v. State, 101 So. 3d 912 (Fla. 1st DCA 2012) (Mem).

---

[4] In Baker, the Florida Supreme Court held that habeas relief was not available to obtain collateral post-conviction relief available by a Rule 3.850 motion filed in the sentencing court.  878 So. 2d at 1245–46.

On November 1, 2012, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme court, Case No. SC12-2421. On January 18, 2013, the court dismissed the petition pursuant to Baker. Rolle v. Crews, 108 So. 3d 656 (Fla. 2013) (Table).

On January 17, 2013, Petitioner filed a pro se petition for writ of habeas corpus in the state circuit court attacking his judgment of conviction in Case No. 2002-CF-47 and Case No. 2002-CF-4016 (Ex. CC1). The clerk of court assigned a civil case number, and the circuit court, by order rendered January 24, 2013, deemed the petition to be a post-conviction motion and transferred it to each of the respective criminal cases (*id.* at 1–2). Petitioner appealed the order to the First DCA, Case No. 1D13-0667 (*id.* at 5–6) (Ex. CC2). On February 28, 2013, the First DCA ordered Petitioner to show cause why the appeal should not be dismissed as premature (Ex. CC3). On March 20, 2013, the First DCA dismissed the appeal without discussion (Ex. CC6). Rolle v. State, 109 So. 3d 788 (Fla. 1st DCA 2013) (Table). The mandate issued April 16, 2013 (*id.*).

On February 2, 2013, Petitioner filed another habeas petition in the state circuit court (Ex. DD1 at 2–8). The clerk of court assigned a civil case number, and the circuit court summarily denied the petition on the ground that Petitioner's claims were

properly raised in a Rule 3.850 motion (*id.* at 9–10). Petitioner appealed the decision

to the First DCA, Case No. D13-1240 (Ex. DD1, p.11–13, Ex. DD2). The First DCA

per curiam affirmed the decision without written opinion on December 6, 2013, with

the mandate issuing January 2, 2014 (Ex. DD5). Rolle v. State, 128 So. 3d 802 (Fla.

1st DCA 2013) (Table).

Petitioner was released from prison on July 2, 2014, and began his supervision

on community control (*see* Ex. HH1 at 692). On January 16, 2015, an affidavit of

violation of community control was filed (Ex. HH1 at 692–98). By order rendered

April 27, 2015, the circuit court found no willful or substantial violation and reinstated

Petitioner's supervision (*id.* at 705).

In April of 2016, another affidavit of violation of community control was filed

(Ex. HH1 at 706–20). The court appointed counsel for Petitioner. On June 7, 2016,

the circuit court held a hearing on Petitioner's request to discharge counsel (*id.* at

750–66). As grounds for his request, Petitioner stated that during the two months of

counsel's representation, he asked counsel to file a motion to suppress, a motion to

dismiss, and a motion for bond, but counsel had not filed any of them (*id.* at 751).

Petitioner also stated he asked counsel to present a "jurisdictional" issue" to the court,

but counsel had not done so (*id.* at 751–52). The court heard Petitioner's position on

each his desired motions, and told him that counsel had no legal basis for filing any

of them (*id.* at 752–56). Petitioner also presented his "jurisdictional" argument,

arguing that the information in Case No. 2002-CF-47 charged him only with three

misdemeanors, so the circuit court never had jurisdiction to convict him (*id.* at

756–59). Petitioner also argued that the court lacked jurisdiction because he served

his sentence in Case No. 2002-CF-47 (*id.*). The court told Petitioner that counsel had

no legal basis for asserting these "jurisdictional" challenges to the violation of

supervision in Case No. 2002-CF-4016 (*id.*). The court determined there was no basis

to discharge counsel, and because Petitioner stated he did not wish to represent

himself, the court set the matter for an evidentiary hearing on July 5, 2016 (*id.* at

759–65). At the conclusion of the evidentiary hearing on July 5, 2016, the court found

Petitioner to be in violation of his supervision by failing to be at his approved

residence (*id.* at 767–865). The court reinstated and modified Petitioner's supervision

to include a curfew, GPS monitoring, and a payment plan for court costs, fees, and

fines (*id.* at 846–65). Judgment and the order of probation rendered on July 5, 2016

(*id.* at 730–39). Petitioner appealed the judgment to the First DCA, Case No. 1D16-

3265 (Ex. HH1 at 743). Petitioner's counsel filed an <u>Anders</u> brief representing that

no good faith argument of reversible error could be made (Ex. HH2). On December

13, 2016, the First DCA provided Petitioner an opportunity to file a pro se initial brief within 30 days (Ex. HH3).  On May 22, 2017 the First DCA affirmed the judgment per curiam without opinion written, with the mandate issuing June 19, 2017 (Ex. HH4).  Rolle v. State, 226 So. 3d 821 (Fla. 1st DCA 2017) (Table).[5]

On January 28, 2017, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D17-2283, alleging ineffective assistance of appellate counsel relating to the appeal of the original judgment in Case No. 2002-CF-4016 (Ex. II1). The First DCA denied the petition on the merits on June 30, 2017 (Ex. II2).  Rolle v. State, 220 So. 3d 579 (Fla. 1st DCA 2017) (Mem).  Petitioner filed a petition for review in the Florida Supreme Court, Case No. SC17-1701 (Ex. JJ).  The Florida Supreme Court dismissed the petition for lack of jurisdiction on September 25, 2017 (id.).  Rolle v. State, 2017 WL 4231187, at *1 (Fla. Sept. 25, 2017).

---

[5] During the pendency of the appeal, Petitioner filed, on November 15, 2016, a habeas petition in the First DCA, Case No. 1D16-5201 (Ex. EE1). On December 16, 2016, the First DCA dismissed the petition pursuant to Baker (Ex. EE2). Rolle v. State, 229 So. 3d 323 (Fla. 1st DCA 2016) (Table).

On November 23, 2016, Petitioner filed another habeas petition in the First DCA, Case No. 1D16-5354 (Ex. FF1). Petitioner filed a notice of voluntarily dismissal on December 16, 2016 (Ex. FF3). The First DCA dismissed the petition on December 27, 2016 (Ex. FF4).

On January 17, 2017, Petitioner filed yet another habeas petition in the First DCA, Case No. 1D17-0312 (Ex. GG1). On March 17, 2017, the First DCA dismissed the petition as unauthorized, pursuant to Logan v. State, 846 So. 2d 472, 479 (Fla. 2004) (holding that generally, a criminal defendant cannot proceed pro se while represented by counsel) (Ex. GG4). Rolle v. State, 224 So. 3d 216 (Fla. 1st DCA 2017) (Table).

On July 8, 2016, an affidavit of violation of community control was filed (Ex. KK).  Following a hearing on June 6, 2017, the court found Petitioner in violation of the conditions of his supervision, revoked Petitioner's community control, and sentenced him to 21.45 months in prison, with presentence credit of 384 days (Ex. LL).  Judgment rendered on June 9, 2017 (*see id.*).  Petitioner did not appeal the judgment (*see* ECF No. 22 at 18).  Petitioner filed the instant federal habeas action on July 7, 2017, while he was serving the prison sentence (ECF No. 1).  He was released from prison on January 1, 2018 (*see* ECF No. 15).

## II.    STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254.  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.  Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > **(1)**  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)**  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). If the federal habeas court finds that the petitioner satisfied § 2254(d) with respect to a claim that the state courts adjudicated on the merits, the court then conducts an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007). Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

## III.   EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[6] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364,

---

[6] Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A)  the applicant has exhausted the remedies available in the courts of the State; or
       (B) (i)  there is an absence of available State corrective process; or
         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  <u>Duncan</u>, 513 U.S. at 365–66; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); <u>Picard</u>, 404 U.S. at 277–78.

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review.  <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302–03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default.  *See* <u>Coleman v. Thompson</u>, 501 U.S. 722, 734–35 & n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); <u>Caniff v. Moore</u>, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); <u>Chambers v. Thompson</u>, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* <u>Tower v. Phillips</u>, 7 F.3d 206, 210 (11th Cir.

1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991).

## IV.    PETITIONER'S CLAIMS

A.    Ground One:  "Ineffective assistance of counsel for failure to file petition for writ of habeas corpus."

Petitioner alleges in Case No. 2002-CF-47, he was only charged with three misdemeanors, and his public defender in that case told him the case did not include a felony charge (ECF No. 1 at 5).[7] Petitioner alleges on February 12, 2004, the court convicted him of possession of a firearm by a convicted felon, in Case No. 2002-CF-4016 "without stating the statute previously convicted" (*id.*).  Petitioner alleges defense counsel, the prosecutor, and the court "reached an understanding and had Petitioner adjudicated of a crime that he could not have committed" (*id.*).

Petitioner states he presented this ineffective assistance of trial counsel ("IATC") claim to the circuit court on July 7, 2016, during the hearing to discharge counsel in the violation proceeding in Case No. 2002-CF-4016 (ECF No. 1 at 6). Petitioner states he also presented the IATC claim on direct appeal of the violation judgment (*id.*).  Petitioner states he additionally presented the IATC claim in a habeas

---

[7] When referring to the parties' pleadings, the court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

Case No.:  4:17cv316/WS/EMT

petition filed in the First DCA, Case No. 1D17-0312 (*id.*).  Petitioner states the First

DCA dismissed the petition (*id.*).

Respondent contends that to the extent Petitioner challenges the judgment in

Case No. 2002-CF-47, the court lacks jurisdiction to review the claim, because the §

2254 petition is a second or successive petition with respect to the judgment in that

case (ECF No. 22 at 21).  Respondent contends that to the extent Petitioner challenges

the original or subsequent judgments in Case No. 2002-CF-4016, Petitioner did not

properly exhaust the IATC claim (*id.* at 24–26).   Respondent contends

notwithstanding the exhaustion issue, Petitioner is not entitled to relief on his IATC

claim (*id.* at 26–30).

1.   Challenge to Judgement in Case No. 2002-CF-47

Respondent is correct that the court lacks jurisdiction to consider Petitioner's

§ 2254 petition to the extent Petitioner challenges the judgment in Case No. 2002-CF-

47.  Section 2244 provides, in relevant part:

> **(b)(1)** A claim presented in a second or successive habeas corpus
> application under section 2254 that was presented in a prior application
> shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus
> application under section 2254 that was not presented in a prior
> application shall be dismissed unless—

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244; *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed

to obtain order from court of appeals authorizing him to file it); <u>Fugate v. Dep't of Corr.</u>, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, review of the magistrate judge's report and recommendation in Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 2005 petition qualified as a first petition for the purpose of determining successor status, because it was denied on the merits. Therefore, the instant petition qualifies as "second or successive" for purposes of § 2244(b)(3). Petitioner has not shown that he obtained permission from the Eleventh Circuit to file a second or successive petition. Therefore, this court lacks jurisdiction to consider the § 2254 petition to the extent Petitioner challenges the judgment in Case No. 2002-CF-47.

### 2.    Challenge to Judgement in Case No. 2002-CF-4016

The state court record supports the exhaustion argument set forth in Respondent's answer (*see* ECF No. 24–26). The court will not address the exhaustion argument in detail, because Petitioner's IATC claim is without merit notwithstanding the exhaustion issue. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also* <u>Berghuis v. Thompkins</u>, 560 U.S. 370, 390, 130 S. Ct. 2250, 176 L. Ed .2d 1098 (2010) ("Courts

cannot grant writs of habeas corpus under § 2254 by engaging only in de novo review when it is unclear whether AEDPA deference applies, § 2254(d).  In those situations, courts must resolve whether AEDPA deference applies, because if it does, a habeas petitioner may not be entitled to a writ of habeas corpus under § 2254(d).  Courts can, however, deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review, see § 2254(a)); Trepal v. Sec'y, Fla. Dep't of Corr., 684 F.3d 1088, 1109–10 (11th Cir. 2012).

Petitioner appears to challenge his plea to the charge of possession of a firearm by a convicted felony in Case No. 2002-CF-4016.  Petitioner contends there was no underlying felony to support the charge, because he was only charged with three misdemeanors in Case No. 2002-CF-47 (see ECF No. 1 at 5).

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To obtain relief under Strickland, Petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the

proceeding would have been different. *Id.* at 687–88. If Petitioner fails to make a

showing as to either performance or prejudice, he is not entitled to relief. *Id.* at 697.

In a plea situation, counsel must provide advice "within the range of

competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52,

56–57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (internal quotation marks and citation

omitted). Strickland's second prong requires a defendant to show "that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland, 466 U.S. at 694. In the context

of pleas, "[t]he . . . 'prejudice' requirement . . . focuses on whether counsel's

constitutionally ineffective performance affected the outcome of the plea process."

Hill, 474 U.S. at 59.

The state court record demonstrates that the charging document in Case No.

2002-CF-47 charged Petitioner with three misdemeanors in Counts II, III, and IV, but

the charging document also charged Petitioner with a felony in Count I (*see* Ex. A).

Count I charged Petitioner as follows:

> INFORMATION FOR:
>
> Count I        POSSESSION OF COCAINE WITH INTENT TO SELL
>                (F3) (ref. #3348)
> . . . .

> COUNT I:   On January 04, 2002, [Randall L. Rolle] did unlawfully possess with the intent to sell or deliver cocaine, a controlled substance as defined in Section 893.03, contrary to Section 893.13(1)(a)2, Florida Statutes.

(Ex. A).

At the time of Petitioner's offense conduct, Florida Statutes § 893.13 provided, in relevant part:

> (1)(a) Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.   Any person who violates this provision with respect to:

> 1.   A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c)4., commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

> 2.   A controlled substance named or described in s. 893.03(1)(c), (2)(c)1., (2)(c)2., (2)(c)3., (2)(c)5., (2)(c)6., (2)(c)7., (2)(c)8., (2)(c)9., (3), or (4) commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 893.13 (2001).   Cocaine was a controlled substance named or described in § 893.03(2)(a)4, and thus qualified as a second degree felony under 893.13(1)(a)1.

Even though the conduct alleged in the charging document qualified as a second degree felony, the charging document cited the statutory provision for a third degree felony.   Despite the error, the state court record demonstrates that Petitioner was notified he was charged with a felony in Count I.   Not only did the charging document

identify the offense as a felony, but the transcript of the plea and sentencing hearing

demonstrates that at the commencement of the hearing, defense counsel announced:

> On Mr. Rolle's case, 2002-00047, he will be entering pleas of no contest
> to several charges. . . . Count 1 is possession of cocaine with intent to
> sell . . . .  He will be entering the pleas with the following
> understanding.  As to Count 1, **felony** possession of cocaine . . . .

(Ex. C at 39 (emphasis added)).  Thereafter, the court conducted a colloquy and found

that Petitioner understood the nature of the charges against him and appreciated the

consequences of his no contest pleas to the charges (*id.* at 41–47).  The court accepted

Petitioner's plea as knowingly and voluntarily entered (*id.* at 47).  The judgment

referenced Count I as a third degree felony (Ex. D).

The fact that the charging document cited the wrong statutory provision naming

or describing cocaine did not render the charge or the plea invalid under either federal

law or Florida law.  Under federal law, a basic requirement of due process is that the

charging document provide a defendant with adequate notice of the crime with which

he is been charged:

> The criteria [for a valid indictment] are, first, whether the indictment
> contains the elements of the offense intended to be charged, and
> sufficiently apprises the defendant of what he must be prepared to meet,
> and, secondly, in case any other proceedings are taken against him for a
> similar offense whether the record shows with accuracy to what extent
> he may plead a former acquittal or conviction.

Russell v. United States, 369 U.S. 749, 763–764, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962) (collecting cases) (internal quotations omitted).  Under Florida law, a charging document is legally sufficient "if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense, nor exposed to double jeopardy."  State v. Dilworth, 397 So. 2d 292, 294 (Fla. 1981).

Here, the charging document contained the elements of the offense and apprised Petitioner of the conduct of which he was accused, specifically, possessing cocaine on January 4, 2002, with the intent to sell or deliver it.  Mere citation to the wrong sub-subsection of § 893.13 did not render the charging document or Petitioner's plea invalid, because all of the language therein placed Petitioner on express notice that he was entering a plea to felony possession of cocaine with intent to sell or deliver.  *See* Adams v. Culver, 111 So. 2d 665, 667–68 (Fla. 1959) ("The fact that petitioner was charged under the wrong statute does not entitle him to discharge from custody in a habeas corpus proceeding when he has, in fact, been charged with and has plead guilty to an offense denounced by another statute."); Wood v. State, 354 So. 2d 134, 135 (Fla. 1st DCA 1978) ("The information alleged a violation contrary to Section

843.15(1)(b) when it should have alleged Section 843.15(1)(a). This is of no consequence however."); Fla. R. Crim. P. 3.140(o).

In light of this, Petitioner's defense counsel in Case No. 2002-CF-4016 was not ineffective for failing to advise Petitioner that he did not qualify as a convicted felon, or for allowing Petitioner to enter a plea to possession of a firearm by a convicted felon. Petitioner failed to show that his plea to the original charge was unknowing or involuntary. Furthermore, defense counsel in the violation proceedings was not ineffective for failing to challenge the violation report, on the ground that Petitioner's plea to the original charge (possession of a firearm by a convicted felon) was invalid.

To summarize, to the extent Ground One challenges the judgment in Case No. 2002-CF-47, this court lacks jurisdiction to consider it. To the extent Ground One challenges the original or either of the violation judgments in Case No. 2002-CF-4016, Petitioner has not shown that his conviction for possession of a firearm by a convicted felon, or the court's finding him in violation of the conditions of his supervision on July 5, 2016, and June 6, 2017, was the product of ineffective assistance of counsel. Therefore, Petitioner is not entitled to federal habeas relief on Ground One.

B.   Ground Two: "Ineffective assistance of counsel for failure to file motion to dismiss violation."

Case No.: 4:17cv316/WS/EMT

Petitioner alleges the Leon County Circuit Court lacked jurisdiction to issue an arrest warrant for violating the conditions of his community control, based upon conduct that occurred in Marion County, Florida (ECF No. 1 at 7). Petitioner also alleges the violation report filed on April 4, 2016, failed to validly allege a violation of the conditions of his community control (*id.*). Petitioner alleges the violation report cited Condition 15 as imposing a condition that Petitioner remain at his approved residence except for one-half hour before and after his approved employment; however, there was no Condition 15 in the Order of Community Control (*id.*). Petitioner also alleges the violation report cited Condition 10 as imposing a condition that he pay court costs and fines to the Leon County Clerk of Court; however, Condition 10 of the Order of Community Control did not include this requirement (*id.*). Petitioner claims that defense counsel was ineffective for failing to move to dismiss the violation report on these grounds (*id.*).

Petitioner states he presented this IATC claim to the circuit court on July 7, 2016, during the hearing to discharge counsel in the violation proceeding (ECF No. 1 at 7). Petitioner states he also presented the IATC claim on direct appeal of the violation judgment (*id.*).

Respondent contends Petitioner did not properly exhaust the IATC claim (ECF No. 22 at 31–32).   Respondent contends notwithstanding the exhaustion issue, Petitioner is not entitled to relief on this IATC claim (*id.* at 32–34).

As with Ground One, habeas relief should be denied notwithstanding the exhaustion issue.   As previously discussed, to obtain relief on an IATC claim, Petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  *Id.* at 687–88.  If Petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief.  *Id.* at 697.

It goes without saying that counsel is not ineffective for failing to raise a non-meritorious claim.  *See* Freeman v. Attorney Gen. Fla., 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . ."); Brownlee v. Haley, 306 F.3d 1043, 1046 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907, 917–18 (11th Cir. 2001) (rejecting argument for ineffective assistance of counsel where counsel failed to raise a non-meritorious claim); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995).

Here, Petitioner's contention that a Leon County Circuit Court judge had no jurisdiction to issue an arrest warrant for violating the terms of community control imposed in Leon County Case No. 2002-CF-4016, because the violations occurred in Marion County, is meritless. *See* Fla. Stat. § 948.06(1)(b) ("Any committing trial court judge may issue a warrant, upon the facts being made known to him or her by affidavit of one having knowledge of such facts, for the arrest of the probationer or offender, returnable forthwith before the court granting such probation or community control.").

Equally meritless is Petitioner's claim that counsel was ineffective for failing to seek dismissal of the April 2016 violation report on the ground that it cited the wrong Condition numbers of the Order of Community Control/Probation.[8]  The violation report and its addendums alleged that Petitioner violated two conditions of his community control:  (1) he failed to remain confined at his approved residence except for one-half hour before and after approved employment, public service work, or any other activities approved by his supervising officer, and (2) he failed to make court-ordered payments of costs and fines (Ex. HH1 at 706–20).

---

[8] This violation report led to the court's finding that Petitioner violated the conditions of his supervision and imposing additional conditions, including the requirement that Petitioner submit to GPS monitoring.  Petitioner's failure to comply with GPS monitoring was one of the grounds for the court's revoking Petitioner's supervision on June 6, 2017, and returning Petitioner to prison.

With regard to the allegation that Petitioner failed to pay court-ordered costs and fines, the transcript of the violation hearing demonstrates that the State announced it would <u>not</u> proceed on this allegation (*see* Ex. HH1 at 846–47). Because this alleged violation was not prosecuted by the State, Petitioner failed to show a reasonable probability of a different outcome of the violation proceeding if defense counsel had sought dismissal of this charge.

With regard to the allegation that Petitioner failed to remain at his approved residence, the Order of Community Control/Probation issued by the court on February 17, 2004, provided as follows, in relevant part:

> **AND, IF PLACED ON COMMUNITY CONTROL, YOU SHALL COMPLY WITH THESE ADDITIONAL CONDITIONS**
> . . . .
> **(24)** You will remain confined to your approved residence except for one half hour before and after your approved employment, public service work, or any other special activities approved by your officer.

(Ex. Q1 at 72). The violation report and addendums included specific details about the circumstances underlying the charge that Petitioner failed to remain at his approved residence (*see* Ex. HH1 at 706–20).

A violation of supervision need not be alleged with the same specificity necessary for an information charging an offense. *See* <u>Hollingshead v. State</u>, 846 So. 2d 627, 629 (Fla. 4th DCA 2003). Even a charging document's error in citation "shall

not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to the defendant's prejudice." McMann v. State, 954 So. 2d 90, 91 (Fla. 1st DCA 2007) (quoting Fla. R. Crim. P. 3.140(d)(1)).

Here, the nature of the violation and the factual basis for it were clearly set forth in the violation report. Furthermore, the transcript of the violation hearing demonstrates that Petitioner was not misled or prejudiced by the citation to the erroneous Condition number. Petitioner was well prepared to present a defense to the charge, as evidenced by defense counsel's exhaustive cross-examination of the State's witness (Petitioner's supervising officer) and the presentation of witnesses in Petitioner's defense (Petitioner himself and his mother) (Ex. HH1 at 767–864). The fact that the violation report cited the wrong condition number did not provide a basis for dismissal of the violation report. See Washington v. State, 228 So. 3d 707, 708 (Fla. 2d DCA 2017). Therefore counsel was not ineffective for failing to seek dismissal of the violation on this ground.

Petitioner has not shown that defense counsel was ineffective for failing to seek dismissal of the April 2016 violation report, on the ground that it cited the wrong

condition number.  Therefore, Petitioner is not entitled to federal habeas relief on Ground Two.

## V.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  Buck v. Davis, 580 U.S.—, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing Miller-El, 537 U.S. at 327).  Here, Petitioner

cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the habeas corpus petition (ECF No. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b), to the extent it challenges the original or revocation judgment in Leon County Circuit Court Case No. 2002-CF-47;

2.      That the habeas corpus petition (ECF No. 1) be **DENIED**, to the extent it challenges any of the judgments in Leon County Circuit Court Case No. 2002-CF-4016; and

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>18</u><sup>th</sup> day of January 2019.

<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**